# United States Tax Court

T.C. Summary Opinion 2024-23

RUBY TANG,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 13372-21S.                    Filed October 24, 2024.

————————

Ruby Tang, pro se.

*Scott A. Hovey*, for respondent.


## SUMMARY OPINION

LANDY, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

In a Notice of Deficiency (Notice) dated April 7, 2021, respondent determined a deficiency in petitioner's income tax of $24,685 and a section 6662(a) accuracy-related penalty of $4,937 for 2018. The issues for decision are whether petitioner is (1) entitled to deduct medical expenses of $106,181; (2) entitled to deduct charitable contributions of $20,100; and (3) liable for a section 6662(a) accuracy-related penalty. We resolve these issues in respondent's favor.

*Background*

Because the parties did not execute a stipulation of facts, the following background facts are based on the testimony of petitioner and Revenue Agent Martin Moran and the Exhibits admitted into evidence.

During 2018 petitioner was employed by the Internal Revenue Service (IRS). On her timely filed 2018 Form 1040, U.S. Individual Income Tax Return, petitioner reported total income of $154,454, and claimed itemized deductions for, inter alia, medical expenses of $106,181 and cash charitable contributions of $20,100 to Chevy Chase University (Chevy Chase), an exempt organization that petitioner formed with another person.

Petitioner's 2018 Form 1040 was selected for examination. Respondent subsequently issued to petitioner the Notice disallowing the claimed medical and charitable contribution deductions and determined a penalty. On July 5, 2021, petitioner, while residing in Maryland, timely filed a Petition with this Court. At trial petitioner maintained that the Notice was invalid because it was issued by a team manager within the IRS Independent Office of Appeals (Appeals Office). On the basis of the evidence and Exhibits presented at trial, proper managerial approval was obtained.

*Discussion*

I.    *Validity of the Notice of Deficiency*

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Our deficiency jurisdiction depends on a valid Notice of Deficiency and a timely filed petition. *See* §§ 6212–6214; *Sanders v. Commissioner*, No. 15143-22, 161 T.C. (Nov. 2, 2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126 (2022); *Dees v. Commissioner*, 148 T.C. 1, 3–4 (2017).

Petitioner contends that the Notice is invalid because it was issued by the Appeals Office. "Delegation Order 4-8 provides the authority for [Appeals Office] team managers to issue notices of deficiency." *Worsham v. Commissioner*, T.C. Memo. 2019-132, at *10, *aff'd*, 816 F. App'x 874 (4th Cir. 2020); *see also* Internal Revenue Manual 1.2.2.5.8(1), (2), and (3) (Dec. 7, 2020). Accordingly, the Appeals Office Team Manager had the requisite delegated authority to issue the Notice to petitioner.

II.    *Burden of Proof*

In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In this case we determine that the evidence does not establish that the burden of proof should shift from petitioner to respondent. *See* § 7491(a).

Deductions are a matter of legislative grace. *See INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). A taxpayer bears the burden to prove that she is entitled to the deductions claimed on her return. *See id.* A taxpayer must substantiate deductions claimed by keeping and producing adequate records to enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; Treas. Reg. § 1.6001-1(a).

III.   *Deduction for Medical Expenses*

Section 213(a) allows as a deduction "the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, [her] spouse, or a dependent," to the extent such expenses exceed 7.5% of adjusted gross income. *See also* § 213(f)(2); *Estate of Smith v. Commissioner*, 79 T.C. 313, 318 (1982). A deduction is allowed only for medical expenses actually paid during the taxable year, regardless of when the incident or event which occasioned the expenses occurred. Treas. Reg. § 1.213-1(a)(1). A taxpayer must substantiate such expenses with "the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." *Id.* para. (h).

In the Notice respondent determined that petitioner failed to substantiate that the $106,181 amount claimed was (1) a medical expense and (2) paid. Petitioner proffered Exhibit 506-P to substantiate the deduction. This Exhibit contained (1) a Certification of Translation purporting to certify the translation of a receipt for medical services from Chinese to English; (2) a document written in Chinese purporting to be an original receipt for alleged medical services incurred in China; (3) a document purporting to be a Chinese-to-English translation of a receipt for medical services showing cash payment made of $104,202; (4) an alleged loan agreement, written in Chinese and translated to English by an unknown author and translator, maintaining that petitioner agreed to repay Guan Huachun $104,202, at 0% interest, for medical expenses; and (5) redacted copies of three cashier's checks, for

identical amounts that petitioner contends are loan payments made in 2020.

While cross-examining petitioner, respondent proffered two Exhibits, 1011-R and 1012-R, both copies of the purported loan agreement attached to Exhibit 506-P. Before trial, petitioner presented Exhibit 1011-R to the Appeals Office to substantiate the reported medical expenses. The Appeals Office disputed the execution date on Exhibit 1011-R, and petitioner, the next day, provided the IRS with Exhibit 1012-R, a second, altered version of the loan agreement. Petitioner requested that the IRS disregard Exhibit 1011-R. Both parties objected to the admission of Exhibits 506-P, 1011-R, and 1012-R (Disputed Exhibits) on grounds of authentication and hearsay. We took these objections under advisement.

Proceedings in the Tax Court are conducted in accordance with the Federal Rules of Evidence. *See* § 7453; Rule 143(a). Rule 174(b) carves out an exception to the provisions of section 7463(a) that allows us to conduct small tax cases as informally as possible and, consequently, admit any evidence that we deem to have probative value. *Schwartz v. Commissioner*, 128 T.C. 6, 7 (2007). Therefore, we will admit the Disputed Exhibits into evidence because they are probative as to whether petitioner actually paid medical expenses in 2018.

Nonetheless, we place no weight on Exhibit 506-P because no corroborating evidence exists beyond petitioner's self-serving testimony that the receipt attached to the Exhibit is an actual receipt petitioner received from Beijing Women's Disease Institute. Petitioner failed to provide testimony or other evidence that the translation is based on an actual receipt for payment for services rendered or that the medical facility even existed in 2018, or from whom she received the alleged medical treatment. Furthermore, petitioner could not explain how the alleged medical bill of $104,202 was paid as the receipt alleges. Petitioner also failed to provide credible evidence that the person (Guan Huachun) who allegedly paid for the services was her mother, how her mother actually paid for the alleged medical services, and whether petitioner was present when payment was made. Petitioner provided no corroborating evidence that payment for any medical services was made in 2018. Petitioner's responses to respondent's cross-examination and the Court's questions regarding this topic were evasive or nonresponsive.

Furthermore, when the loan agreements in Exhibits 1011-R and 1012-R are compared to one another, we find that they have been altered, and petitioner failed to provide a credible reason for such alterations. Therefore, the loan agreement in Exhibit 506-P is unreliable and will not be given any weight in making our determination. On the basis of the remaining evidence before us, including petitioner's inconsistent and unconvincing testimony, we determine that petitioner failed to demonstrate that she paid $106,181 for medical expenses in 2018. Accordingly, we sustain respondent's determination that petitioner is not entitled to deduct the reported medical expenses.

IV.    *Charitable Contribution*

Section 170(a) allows as a deduction any charitable contribution made during the taxable year. A charitable contribution is defined as "a contribution or gift to or for the use of" a charitable organization. § 170(c). A deduction for the contribution is allowed only if the taxpayer satisfies certain requirements. *See* § 170(a)(1); Treas. Reg. § 1.170A-13.

Charitable contributions of cash or property of $250 or more must be substantiated by a contemporaneous written acknowledgment (CWA) from the donee organization. *See* § 170(f)(8); Treas. Reg. § 1.170A-13(f)(1). A CWA must state (1) the amount of cash contributed to the donee organization; (2) whether the donee organization provided any goods or services in consideration for the contribution; and (3) a description and good faith estimate of the value of any goods or services provided by the donee organization. *See* § 170(f)(8)(B); Treas. Reg. § 1.170A-13(f)(2). A CWA is "contemporaneous" if it is obtained by the taxpayer on or before the earlier of the date the taxpayer files the original return for the taxable year of the contribution or the due date (including extensions) for filing the original return for the taxable year. § 170(f)(8)(C); Treas. Reg. § 1.170A-13(f)(3). The taxpayer must also show that the records she kept to substantiate charitable contributions are reliable given all facts and circumstances of the case. Treas. Reg. § 1.170A-13(a)(2)(i).

In the Notice respondent disallowed the deduction because petitioner failed to establish the amount claimed was (1) a charitable contribution and (2) paid in 2018. At trial petitioner proffered a gift receipt from Chevy Chase acknowledging that her cash contributions totaled $21,000 and that no goods or services were provided in exchange for the contributions. Petitioner testified that the gift receipt was produced by "Ms. Yan," a woman who assisted in Chevy Chase's

formation but whose name and involvement she could not consistently recall upon cross-examination.

Respondent proffered copies of petitioner's Bank of America (BOA) checking account statements for periods ending March 28 and April 26, 2018; petitioner's BOA savings account statement for the period ending April 6, 2018; and gift receipts from Chevy Chase dated March 31 and April 30, 2018, stating that the organization received charitable contributions of $6,000 and $15,000 by bank transfer from petitioner on March 19 and April 2, 2018, respectively. Petitioner's account statements show two transfers, on March 19 and April 2, from her checking account into her savings account in amounts that correspond to the March 31 and April 30 gift receipts. Petitioner, not Chevy Chase, was listed as the owner of the checking and savings accounts. Petitioner did not provide any direct testimony or other evidence that the two transfers were contributed to Chevy Chase.

Upon cross-examination, petitioner refused to answer, or provided evasive responses to, questions related to Chevy Chase, the bank statements, and whether the two transfers were actually made to Chevy Chase in 2018. Petitioner failed to call any witnesses to corroborate her testimony. Consequently, petitioner's CWA is unreliable, and we determine that she is not entitled to the claimed deduction.

V.     *Accuracy-Related Penalty Pursuant to Section 6662(a)*

The Commissioner determined that petitioner is liable for a section 6662(a) accuracy-related penalty. Section 6662(a) and (b)(2) imposes a 20% penalty on any portion of an underpayment of income tax required to be shown on a return attributable to any substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). Petitioner's underpayment exceeds both amounts. Respondent established that timely approval to impose the penalty was obtained, *see* § 6751(b)(1), and petitioner did not present any evidence that her underpayment was due to reasonable cause, *see* § 6664(c)(1); Treas. Reg. § 1.6664-4(b)(1). We determine that petitioner is liable for the section 6662(a) accuracy-related penalty.

VI.    *Conclusion*

We have considered all the arguments that the parties have made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*